UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

XYZ CORPORATION,                                                    Case No. 23-cv-22997-RKA-Reid

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS,
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED
ON SCHEDULE "A",

Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS**
**AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 20(a)(2), Defendants Qingdao Haiyi Muye Youxian Gongsi d/b/a Makey's (listed as Defendant No. 73 on Schedule B, Dkt. 9-1) and Qingdao Xibu Zhineng Keji Youxian Gongsi d/b/a Xibutec (listed as Defendant No. 1 on Schedule B, Dkt. 9-1) (together, "Defendants"), seeks an order of dismissal as to the Defendants of Plaintiff XYZ Corporation's ("Plaintiff") Amended Complaint (Dkt. 7) (hereafter, the "Complaint").

**INTRODUCTION**

Plaintiff's Complaint contains two flaws that warrant dismissal. First, mass joinder is improper. Second, the Defendants' products are not infringing as they are distinctively different from the Plaintiff's product. The Complaint should thus be dismissed as to these Defendants under Federal Rules of Civil Procedure 12(b)(6), and 20(a)(2).

-1-

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

1. Plaintiff filed its initial Complaint on August 9, 2023, alleging patent infringement of an unspecified U.S. patent. *See* Dkt. 1.

2. Plaintiff's patent application was filed on December 13, 2021. *See* Dkt. 7 at Exhibit 1.

3. Plaintiff's single-count Amended Complaint avers that Defendants sell products that infringe Plaintiff's United States Design Patent, No. US D 977,311 S, for an ornamental design on a pickle jar ("311 Patent"). *See* Dkt. 7 at ¶¶2-3.

4. Plaintiff filed an Amended Complaint on September 1, 2023. *See* Dkt. 7.

5. On September 1, 2023, Plaintiff filed an *ex parte* motion for a temporary restraining order, which the Court granted on September 12, 2023. *See* Dkts. 10 & 13.

6. On October 25, 2023, the Court granted Plaintiff a preliminary injunction. *See* Dkt. 29.

7. Defendant Qingdao Xibu Zhineng Keji Youxian Gongsi d/b/a Xibutec (Defendant No. 1) sells its own pickle jars. *See* Dkt. 9-1 at 1-7.

8. On its Amazon page, Defendant No. 1 denotes its product as manufactured by AI.xibu. *See* Exhibit 1.

9. Defendant No. 1 is an established Amazon retailer. It has 880 ratings, with an average rating of 4.2 out of 5 "stars." *See* Exhibit 1 at 1.

10. Further, there are multiple links demonstrating prior art. First, there is the link to the brand Sophico sold on Amazon, available on September 8, 2021. *See* Exhibit 2.

11. Second there is the link to the brand Miles Kimball sold on Amazon, available on October 10, 2012. *See* Exhibit 3.

12. Third, there are multiple TikTok videos all predating the patent application date. *See* Exhibit 4.

13. Again, the patent application was filed on December 13, 2021. *See* Dkt. 7-1.

## ANALYSIS

**A. Dismissal Is Warranted As Rule 20(a)(2) Precludes Mass Joinder.**

Under Federal Rule of Civil Procedure 20(a)(2), defendants may be joined in a single action if two elements are met: (1) the claims against them are asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) there must be a "question of law or fact common to all defendants." *See* Fed. R. Civ. P. 20(a)(2)(A)-(B). Both elements are absent here.

It is insufficient for a plaintiff to "simply allege that multiple defendants have infringed the same patent or trademark to meet Rule 20's requirements." *Estee Lauder Cosmetics Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, 334 F.R.D. 182, 187 (N.D. Ill. 2020). "That makes sense: one defendant's alleged infringement does not 'arise out of the same transaction, occurrence, or series of transactions or occurrences' as another defendant's unrelated infringement." *Id.* (citing Fed. R. Civ. P. 20(a)(2)(A)).

Here, Plaintiff has not demonstrated its claims against the instant Defendants arise out of the same transaction or occurrence as those against the multitude of other defendants. Nor do any allegations single out the two Defendants here.

Rather, the Complaint generally asserts that Defendants, without Plaintiff's authorization or license, are manufacturing, importing, promoting, reproducing, offering for sale, selling, and/or distributing goods that incorporate and infringe Plaintiff's Patent within this District through various Internet based e-commerce stores and fully interactive commercial Internet websites operating under the seller identification names set forth on Schedule "A" (the "Seller IDs"). *See*

Dkt. 7 at ¶3.

Plaintiff's allegations failed to demonstrate that the Defendants here are properly joined as parties. *See Estee Lauder*, 334 F.R.D. at 187. Because Plaintiff provides no details of the Defendants' alleged infractions, the Complaint against them falls due to improper joinder under Rule 20(a)(2).

### B. The Plaintiff Fails To State A Claim Under Rule 12(b)(6).

If the Court reaches the merits of the Complaint, Plaintiff fares no better. A Rule 12(b)(6) motion challenges the sufficiency of a complaint. *See e.g. Bonnstetter v. City of Chicago*, 811 F.3d 969, 973 (7th Cir. 2016). A complaint must contain enough information, via "a short and plain statement of the claim," to give the defendant fair notice of the claim and its basis. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders naked assertions lacking any factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

These principles warrant dismissal here. The Complaint only provides labels and conclusions, and simply recites the elements of patent infringement. The Complaint articulates no grounds for relief against the Defendants. Nor could Plaintiff have pleaded a viable cause of action against the Defendants. Plaintiff cannot establish as a matter of pleading or proof that any act by the Defendants, well-established retailers on Amazon and Walmart, in selling their products would have confused the public. At bottom, an ordinary observer would not be deceived into purchasing the Defendants' products supposing them to be the Plaintiff's.

To prevail on a design patent claim, a plaintiff must show that "in the eye of an ordinary observer . . . two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other." *Dyson, Inc. v. SharkNinja Operating LLC*, 2018 WL 1906105 at *9 (N.D. Ill. Mar. 29, 2018). An ordinary observer is considered a principal purchaser of the underlying articles. *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1337 (Fed. Cir. 2015). Dispositive is whether the effect of the whole design is substantially the same as the corresponding portions of the accused design. *Payless Shoesource, Inc. v. Reebok Int'l, Ltd.*, 998 F.2d 985, 991 (Fed. Cir. 1993).

By definition, a design patent is limited. It protects only the ornamental appearance of an article, not its functions. *Richardson v. Stanley Works, Inc.,* 597 F.3d 1288, 1293 (Fed. Cir. 2010). And when the design contains functional and ornamental aspects, "it is entitled to a design patent whose scope is limited to those" ornamental aspects and does not incorporate functional elements. *Id*. at 1294. Claim construction of a design patent thus limits the scope of the patent to its overall ornamental visual impression, not the broader general design concept. *Id*. ("A claim to a design containing numerous functional elements, such as here, necessarily mandates a narrow construction.") These critical limitations preclude recovery for Plaintiff here.

Next, comparing the Plaintiff's jar with the Defendants further confirms the propriety of dismissal. The differences are significant and numerous. To begin, the height and width. The Defendants' jar is thick and short, while the Plaintiffs' jar is tall and thin. The bottom of the Plaintiff's jar is a separate silicone sleeve. This contrasts with the bottom of the Defendants' jar, which is the same as the top of the cover. Next, the opening of the Plaintiff's jar is curved while the Defendants' opening is vertical. And while the Defendants' jar is a one-piece mold, the Plaintiff's center part contains independent fittings. Finally, while the Defendants' jar has a double-

sided opening, the Plaintiff has a closed bottom with only a single opening.

These divergences are captured in the following images.



**Defendants' jar**:
Height: 6.1 in.
Width: 4.57 in.

The bottom is the same as the top of the cover.

**Plaintiff's product**:
Height: 6.9 in
Width: 3.4 in.

The bottom is a separate silicone sleeve.



Defendants' opening is vertical.

Plaintiff's opening is curved.



One-piece mold for Defendants.

Plaintiff's center part is independent fittings.



Double-sided opening.

Closed bottom, single opening bottle

Comparing the ornamental designs of the two jars, the differences prevent the deception of an ordinary observer. They also keep the accused product from being so similar to the claimed designs that "in the market and with purchasers they would pass for the same thing – so much alike that even persons in the trade would be in danger of being deceived." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670 (Fed. Cir. 2008). Given these substantial differences, and the fact the scope of the 311 patent is constricted to its overall ornamental visual impression, the Plaintiff cannot show that it is more likely than not that the Defendants committed patent infringement.

Further, Section 103(a) precludes a patent's issuance when "the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a while would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. §103(a).

Obviousness is a question of law predicated on factual inquiries including: (1) the scope and content of the prior art, (2) the differences between the prior art and the claims, (3) the level of ordinary skill in the relevant art, and (4) any objective indicia of non–obviousness, such as commercial success, long felt need, and failure of others. *Sunoco P'ship Mktg. & Terminals*

*L.P. v. U.S. Venture, Inc.*, 436 F. Supp. 3d 1099 (N.D. Ill. 2020).

Attached to this Motion are multiple references which demonstrate that the 311 Patent was obvious upon its filing date of December 13, 2021.

Reference 1: Amazon profile page September 8, 2021 (Exhibit 2)

Reference 2: Amazon profile page October 10, 2012 (Exhibit 3)

Reference 3: TikTok Video February 2, 2021 (Exhibit 4)

Reference 4: TikTok Video June 17, 2021 (Exhibit 4)

Reference 5: TikTok Video April 28, 2021 (Exhibit 4)

Reference 6: TikTok Video February 2, 2021 (Exhibit 4)

Reference 7: TikTok Video March 1, 2021 (Exhibit 4)

Reference 8: TikTok Video December 20, 2020 (Exhibit 4)

Reference 9: TikTok Video June 16, 2021 (Exhibit 4)

The scope and content of the prior art references included in Exhibits 2-4 discloses everything claimed in the 311 patent. The level of ordinary skill in the art is relatively low because people could easily make modifications to the existing jar designs, and one of skill in the art would have been motivated to combine and modify the bottom and opening of the jar. A device literally infringes "if every limitation recited in the claim appears in the accused product[.]" *Jeneric/Pentron, Inc. v. Dillon Co., Inc.*, 205 F.3d 1377, 1382 (Fed. Cir. 2000). Here, Plaintiff cannot show that it is more likely than not that Defendants' products literally infringe the 311 patent.

## CONCLUSION

For the foregoing reasons, the Defendants Qingdao Haiyi Muye Youxian Gongsi (Defendant No. 73) and Qingdao Xibu Zhineng Keji Youxian Gongsi (Defendant No. 1),

listed on Schedule B (Dkt. 9-1) respectfully request the Court dismiss this case.

Dated: November 27, 2023 Respectfully submitted,

**TODD R. FRIEDMAN P.A.**
1101 Brickell Avenue
Suite S-700
Miami, Florida 33131
Tel: 786-536-7190

By: /s/ *Todd Friedman*
Todd R. Friedman, Esq.
Fla. Bar No. 97919
todd@toddfriedmanpa.com

-and-

**The Keleher Appellate Law Group, LLC**
1 East Erie St.
Suite 525
Chicago, IL 60611
312-448-8491
By: /s/ *Christopher Keleher*
Christopher Keleher, Esq.
ckeleher@appellatelawgroup.com
*(Pro Hac Vice Admission Forthcoming)*

**CERTIFICATE OF SERVICE**

      I certifies that on November 28, 2023November 28, 2023, a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court on the CM/ECF electronic court filing system and thereby served on all counsel of record.

                                                By: /s/ *Todd Friedman*